UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



```
******************************************************************
ROBERT ALLEN WALTERS,          *     CIV 05-4061
                               *
            Plaintiff,         *
                               *
    -vs-                       *     ORDER AND OPINION
                               *
MARGARET V. GILLESPIE,         *
                               *
            Defendant.         *
                               *
******************************************************************
```

Plaintiff filed this action, attempting to force his attorney or his former attorney, defendant Gillespie, to provide him with certain documents. The complaint alleges no basis for federal jurisdiction. There is no diversity of citizenship. The action or actions in which Gillespie and plaintiff are involved is apparently in state court. The complaint makes reference to CIV 03-158 and CIV 04-155. Neither would be a federal court action. The Prison Litigation Reform Act has no application. Obviously, this court does not supervise state court actions.

Federal question jurisdiction exists when "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Even if the claimed basis of federal jurisdiction is patently without merit, then dismissal for lack of jurisdiction is proper. Hagans v. Levine, 415 U.S. 528, 537-38 (1974). We look to the face of the complaint, drawing all reasonable inferences in favor of the plaintiff. See Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003), and Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). Based on all proper considerations, federal jurisdiction does not exist and claims of such existence are patently without merit. The court is without jurisdiction over the subject matter.

Plaintiff has also failed to provide a proper and complete affidavit *in forma pauperis*. Plaintiff states under oath that he has cash, a checking account, and a savings account but fails to

state any amounts or set forth what he has by way of assets. He also states that he owns real estate, bonds, and notes. No amounts or details of any kind are shown. It is impossible to determine what he owns by legal description, where the assets are, and the values. He has failed to establish even a reasonable claim for *in forma pauperis* status and he has paid no filing fee. Service of process has not been accomplished by the plaintiff. The court therefore has no jurisdiction over the person of the defendant.

The court, in an over abundance of caution, attempted to give the plaintiff notice of all these defects and an opportunity to attempt to correct them. Attached is a letter written to plaintiff and proof of his refusal to accept the mail. He is apparently not interested in receiving communications from the court and is refusing them.

This action should be dismissed without prejudice. No further actions by this plaintiff should be accepted for filing by the clerk's office without a proper and complete affidavit *in forma pauperis* meeting the deficiencies set forth in this judgment or, in the alternative, the payment of the statutory filing fee.

Now, therefore,

IT IS ORDERED, as follows:

1) This action is dismissed without prejudice.

2) The Clerk's office shall not accept for filing any additional actions by this plaintiff without a proper and complete affidavit *in forma pauperis* meeting the deficiencies set forth in this order and opinion or, in the alternative, the payment of the statutory filing fee.

Dated this 16th day of May, 2005.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:

JOSEPH HAAS, CLERK

BY: _____
    DEPUTY
(SEAL)